IN THE UNITED STATES DISTRCT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KERMIT BLAKLEY, as Father and Next Friend of D.B., a minor,<br><br>Plaintiff,<br><br>v.<br><br>DEBORAH VONDRASEK TRACY, THERESE UPHUES HAWKINS, NAZARETH ACADEMY HIGH SCHOOL, and the ROMAN CATHOLIC ARCHDIOCESE OF CHICAGO,<br><br>Defendants. | Jury Trial Demanded<br><br>No. 18 cv 6020 |

## COMPLAINT

NOW COMES the Plaintiff, KERMIT BLAKLEY, as Father & and Next Friend of D.B., a minor, by counsel SPEARMAN LAW, LLC, complaining of the defendants, DEBORAH VONDRASEK TRACY, THERESE UPHUES HAWKINS, NAZARETH ACADEMY HIGH SCHOOL, and the ROMAN CATHOLIC ARCHDIOCESE OF CHICAGO, alleges as follows:

### INTRODCUTION

1. This is a civil action arising under 42 U.S.C. § 1981, 740 ILCS 23/1-5: Illinois Civil Rights Act of 2003, under the 14th Amendment of U.S. Constitution Due Process Clause (US. Const. Amend § 2), and for a Breach of Contract Under Illinois Law.

### JURISDICTION

2. The jurisdiction of this Court is conferred by 28 U.S.C. § 1331, § 1343, and § 1367.

### PARTIES

3. Plaintiff, KERMIT BLAKLEY, as Father and Next Friend of D.B., a minor, is a resident of Cook County, Illinois, and principal of an educational institution in the State of Illinois. He is the Father of D.B, a 17-year old, African American, high school senior with a scholarship to attend University of Miami in Ohio.

4. Defendants DEBORAH VONDRASEK TRACY and THERESE UPHUES HAWKINS ("Defendant Administrators") were, at the time of this occurrence, employees of Nazareth Academy High School. Defendant Tracy was the President and Defendant Hawkins was

1

Principal. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacity.

5. Defendant NAZARETH ACADEMY HIGH SCHOOL ("Defendant Academy") is a Catholic, co-educational, college preparatory high school located in Chicago's western suburbs in La Grange Park, Illinois. It receives state funding for student scholarships through tax credits from the State of Illinois. It is the principal and employer of Defendant Administrators, who committed the acts complained of under color of law.

6. Defendant ROMAN CATHOLIC ARCHDIOCESE OF CHICAGO is duly incorporated under the laws of the State of Illinois. Its Office of Catholic Schools operates, manages, and supports diocesan and Catholic primary and secondary schools, including Defendant Academy. It is the principal and employer of Defendant Administrators, who committed the acts complained of under color of law.

## FACTS

7. In or around August of 2015, D.B enrolled as a Freshman at Nazareth Academy.

8. By enrolling in Nazareth Academy and paying tuition, which is over $10,000.00 annually, D.B. entered into a contract agreement per the Parent-Student Handbook with Defendants.

9. The Parent-Student Handbook includes a non-discriminatory policy that states: "Nazareth Academy does not discriminate on the basis of race, color, religion, gender, national or ethnic origin, sexual orientation, gender identity or expression or immigration status in its educational policies, admissions policies or scholarship and financial aid programs."

10. Moreover, expulsion is explicitly listed as a last resort.

11. Additionally, students have a contractual right to appeal any expulsion.

12. On July 24, 2018, during D.B.'s Senior year, Defendant Administrators called D.B.'s parents, instructing them to come to an emergency meeting by 4 p.m.

13. At that meeting, Defendant Administrators informed D.B. and his parents that there were allegations involving the distribution of an illicit video involving D.B. and a white female student.

14. D.B. and his parents were not permitted to respond to these allegations. They were merely told to notify the school, within 24 hours and in writing if they would like to participate in the investigation.

15. Defendant Administrators told them D.B. would have to withdraw from the school if he did not participate in the investigation.

16. Accordingly, the subsequent day Plaintiff notified Defendant Administrators in writing that they would participate in the investigation.

17. Defendant Administrators conspired with the Broadview Police Department to compel and coerce D.B's compliance with a criminal investigation. In so doing, they were and are acting under color of law and as state actors.

18. On July 25, 2018, D.B.'s parents asked to speak with the administration at Defendant Academy, but the administration refused.

19. Later that day, Nazareth Administration sent the school's attorney's information to Plaintiff. Upon calling the school's attorney, D.B.'s parents were informed that an investigation would be conducted, inclusive of student interviews.

20. D.B.'s parents were further informed that Broadview Police Department would also conduct an investigation.

21. During the first week of the investigation, D.B.'s parents were not contacted, despite several attempts to reach the school's attorney.

22. On August 2, 2018, Detective Michael Akim of the Broadview Police Department ordered D.B. to come in for an interview.

23. The interview was conducted on August 6, 2018. D.B. maintained that he did not send a video to anyone.

24. The parent of another Nazareth student informed Plaintiff that Defendant Administrators coerced his son, who is White, to share a video with the Administration by threatening to notify colleges that were interested in recruiting him on a Football scholarship. Plaintiff was further told that Defendant Administrators were "going after" D.B., despite the fact that other students were sharing the video.

25. Another Nazareth student that was interviewed by Defendant Administrators told D.B. that he lied to Defendant Administrators about D.B. showing a video in the locker room. The student admitted that he lied, asserting that his father forced him to lie.

26. On August 9, Plaintiff e-mailed Defendant Administrators concerning the statements made by the father and student and requested a response.

27. Defendant Administrators did not respond.

28. Plaintiff also reported these concerns to Detective Akim with the Broadview Police Department.

29. Detective Akim stated he was suspending the case, apologized for not sending a report, and would send a report to Plaintiff by the subsequent Monday.

30. As of this filing, Plaintiff has never received a report.

31. On August 13, Defendant Administrators told Plaintiff that the investigation would be suspended.

32. However, on August 17, Plaintiff received a call ordering Plaintiff to meet with Detective Akim. During that meeting, Plaintiff was shown two screenshot photos, but the individuals in those photos could not be identified.

33. On August 20, D.B. returned to classes at Nazareth as a senior.

34. On August 21, Plaintiff was called by Defendant Administrators and told to attend to an emergency meeting at Nazareth at noon that day. When Plaintiff asked Defendant Academy if he needed an attorney, the Defendant said no, and the call ended.

35. Defendant Academy then left Plaintiff a voicemail stating if he did not get to the school soon, D.B. would be pulled from class and have to sit in a conference room.

36. Out of desperation, Plaintiff left work and upon arriving at Defendant Academy was told that D.B. would be expelled because there was "evidence of a video."

37. Defendant Administrators refused to show any alleged video to Plaintiff or answer any questions. After inquiring about an appeal process, Defendant Academy lied and told Plaintiff there was not an appeal process.

38. Plaintiff reviewed the Nazareth Code of Conduct and told Defendant Academy that their handbook required an appeal, which he once again requested.

39. On August 29, Defendants denied D.B. an adequate appeal in that during the hearing he was not allowed to ask any questions, confront any witness, or be represented by counsel.

40. Defendant Administrators upheld D.B.'s expulsion.

41. D.B. at all times denied sending any illicit video, and other witnesses have admitted that allegations he sent any such video are false.

42. Other white students at Defendant Academy have admitted to sending the video. However, no white student was disciplined in any manner, let alone expelled for their admittedly criminal conduct.

## COUNT ONE: 42 U.S.C. § 1981

43. The allegations in each foregoing paragraph is incorporated by reference in this Count as if fully restated herein.

44. Plaintiff entered into a contract with Nazareth High School Academy by enrolling and paying tuition.

45. As stated more fully above, Defendants denied D.B. his rights under the contract because of his race.

46. As stated more fully above, Defendants breached their contract with Plaintiff because of his race.

47. As direct and proximate result of the actions of Defendants, Plaintiff was harmed.

## COUNT TWO: 14th Amendment Due Process

48. The allegations in each foregoing paragraph is incorporated by reference in this Count as if fully restated herein.

49. As a recipient of funding through the State of Illinois, Nazareth is required to offer appropriate due process to its students during an expulsion process.

50. Throughout this entire process, Defendants continuously violated D.B.'s right to due process including, but not limited to, the following:

    a. Refusing to inform him of what specific rules he allegedly violated;

    b. Failing to articulate an explicit reason as to why he was expelled;

    c. Failing to classify the alleged behavior within the categories of violations listed in the Student-Parent Handbook;

    d. Using knowingly false testimony against him;

    e. Denying there was an appeal process for his expulsion;

    f. Denying him adequate time to prepare for his appeal;

    g. Denying him access to the evidence against him;

    h. Denying him the right to present evidence in his defense; and

    i. Denying him the right to counsel.

51. As a direct and proximate result of the Defendants' conduct, Plaintiff was harmed.

## COUNT THREE: 740 ILCS 23/1 - Illinois Civil Rights Act

52. The allegations in each foregoing paragraph is incorporated by reference in this Count as if fully restated herein.

53. Defendants discriminated against D.B. on the basis of his race in that he was subjected to harsher punishment than his similarly-situated White peers.

54. In fact, D.B.'s White peers received no punishment at all.

55. As a direct and proximate result of the Defendants' conduct, Plaintiff was harmed.

## COUNT FOUR: Breach of Contract

56. The allegations in each foregoing paragraph is incorporated by reference in this Count as if fully restated herein.

57. Parties had a contractual relationship that was entered into in or around August 2015 when D.B. enrolled as a student at Defendant Academy.

58. Defendants breached the contract by:

    a. violating the school's non-discriminatory policy;

    b. not using expulsion as a last resort; and

    c. denying Plaintiff the right to appeal his expulsion.

59. As a direct and proximate result of the Defendants' conduct, Plaintiff was harmed.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff, KERMIT BLAKELY, as Father and Next Friend of D.B., demands judgment against the Defendants, DEBORAH VONDRASEK TRACY, THERESE UPHUES HAWKINS, NAZARETH ACADEMY HIGH SCHOOL, and ROMAN CATHOLIC ARCHDIOCESE OF CHICAGO, as follows:

   a. Enjoin and permanently restrain Defendant, and all persons in active concert or participation with Defendant, from engaging in any employment practice which discriminates based on race;

   b. Actual and compensatory damages;

   c. Punitive and liquidated damages;

d. Attorney's fees, expenses, costs associated with this claim, and pre-judgement interest;

e. D.B.'s immediate return to placement at Nazareth Academy High School; and

f. any such other and all relief that Plaintiffs may be entitled as a matter of law and as deemed appropriate by this Court.

Respectfully Submitted,

KERMIT BLAKLEY, as Father and Next Friend of D.B., a minor

By: /s/Kenda Spearman

Kendra D. Spearman
Spearman Law, LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
312.788.2602

/s/ Jeanette Samuels
Jeanette Samuels
Samuels & Associates, Ltd.
2925 S. Wabash Ave.
Chicago, IL 60616
872.588.8726