IN THE UNITED STATES DISTRCT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KERMIT BLAKLEY, as Father and Next Friend of D.B., a minor, | |
| Plaintiff, | Jury Trial Demanded |
| v. | No. 18 cv 6020 |
| DEBORAH VONDRASEK TRACY, THERESE UPHUES HAWKINS, NAZARETH ACADEMY HIGH SCHOOL, and the ROMAN CATHOLIC ARCHDIOCESE OF CHICAGO, | |
| Defendants. | |

**PLAINTIFF'S EMERGENCY MOTION
FOR A TEMPORARY RESTRAINING ORDER**

NOW COMES the Plaintiff, KERMIT BLAKELY, by and through his counsel, pursuant to Fed. R. Civ. P. 65, moving to enter a temporary restraining order. In support thereof, Plaintiff states as follows:

**BRIEF BACKGROUND**

D.B. is a senior at Nazareth Academy High School where he maintains a 3.1 G.P.A. Next year, he looks forward to attending the University of Miami, Ohio where he has already received a scholarship to attend. However, on August 29, 2018, D.B. was expelled as the result of a racially-discriminatory investigation into alleged misconduct that he adamantly and unequivocally denies. More troubling, similarly-situated White students who admitted to engaging in the conduct that Defendants contend D.B. committed were not punished at all.

As D.B.'s expulsion is a direct and proximate result of racial animus, and nothing more, he now moves for the entry of a temporary restraining order so that his educational aspirations are not permanently and irretrievably harmed.

1

**ARGUMENT**

The standards that govern whether to a grant a temporary restraining order are amply warranted in this case. A temporary restraining order is used to preserve the status quo until the court has the opportunity to hold a hearing to determine whether a preliminarily injunction is warranted. See, e.g. Stocker Hinge Mfg. Co. v. Darnel Industries, Inc, 94 Ill. 2d 535, 541 (1983). A temporary restraining order is an appropriate measure to preserve D.B.'s placement at Nazareth Academy. The court may grant a TRO if the movant: (1) has some likelihood of succeeding on the merits, (2) has no adequate remedy at law, and (3) will suffer irreparable harm if the order is denied. See Abbott Labs. v. Mead Johnson & Co., 971 F.2d 6, 11 (7th Cir.1992). If the movant meets its burden, a court will then consider any irreparable harm to the non-movant and balance it against the harm to the movant. See id. at 12. In this case, all four elements to obtain a temporary restraining order have been satisfied.

First, D.B. has a likelihood of success on the merits, as illustrated in his complaint. Nazareth breached its contract with Plaintiff and they did so on the basis of his race. D.B. pays tuition and in doing so contracted with Defendants and was entitled to the same rights as other students under the School's Parent-Student Handbook. **"**[M]aking and enforcing contracts includes the performance, termination and the enjoyment of all benefits, privileges, terms, and conditions of private educational contractual relationships." Parker by Parker v. Trinity High School, 823 F. Supp. 511, 519 (N.D. Ill. 1993)(internal quotes omitted). Literally not one White student has been disciplined in any manner whatsoever; meanwhile, D.B., who is Black, has been expelled. In so doing, the defendants denied that he had a right to appeal his expulsion, then denied that he was entitled to confront the witnesses against him or the "evidence" that was the basis of the expulsion, thereby denying him due process.

Second, there is no adequate remedy at law as money damages cannot compensate D.B. for what he will lose. D.B. is a senior in high school who has several pending scholarship offers. He is currently missing both class and the start of the Football season where several college recruiters will attend to watch him.

Finally, D.B. will suffer irreparable harm if this order is denied. If a temporary restraining order is denied, it would make the preliminary relief sought by D.B. moot as time progresses, because the school year has started. The alleged incident that gave rise to this suit will not be repeated in the short time that is needed to conduct a preliminary hearing. Furthermore, if preliminary relief is denied, the Defendant can still administer discipline accordingly. At the most critical juncture of D.B.'s life, that will undoubtedly determine the breadth and brightness of his future, he was unfairly targeted and punished because of the color of his skin. Such pernicious discrimination ought not be enforced. Accordingly, Plaintiff moves for a temporary restraining order to preserve the status quo and allow D.B. to remain a student at Nazareth Academy.

WHEREFORE the Plaintiff, KERMIT BLAKLEY, as Father and Next Friend of D.B., respectfully requests that this Honorable Court grant his motion for a Temporary Restraining Order providing that Nazareth Academy is enjoined from expelling D.B., and provide any such other relief as it deems equitable and just.

Dated: 3 August 2018　　　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　KERMIT BLAKELY, as Father and
　　　　　　　　　　　　　　　　　　　　　　　　　　Next Friend of D.B., a minor

　　　　　　　　　　　　　　　　　　　　　　　By:　/s/ Jeanette Samuels_____

　　　　　　　　　　　　　　　　　　　　　　　　　　Samuels & Associates, Ltd.

2925 S. Wabash Ave.
Chicago, IL 60616
T: 872.588.8726
E: sam@jsamlaw.com

Kendra D. Spearman
Spearman Law, LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
T: 312.788.2602